UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cr-__024__ |
| | ) | |
| CHESTER A. MOODY, JR., | ) | Conspiracy to Sponsor, Engage In, |
| Defendant, | ) | Train For, etc. Animal Fighting Venture |
| | ) | 7 U.S.C. § 2156 |
| | ) | 18 U.S.C. §§ 49, 371 |
| | ) | (Count One) |

## CRIMINAL INFORMATION

Raj Parekh, Acting United States Attorney for the Eastern District of Virginia, charges that:

1. At all times relevant to this Information, Defendant CHESTER A. MOODY, JR., was a resident of Glenn Dale, Maryland, and had coconspirators who were residents of Washington, District of Columbia ("coconspirator OA"); King George County, Virginia ("coconspirator CH"); Frederick, Maryland ("coconspirator EP"); New Jersey ("coconspirator MA"), and elsewhere in the United States of America.

2. An "animal fighting venture" is "any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(f).

## COUNT ONE
### (Conspiracy)

3. Paragraphs 1 and 2 are incorporated by reference as though fully contained herein.

4. Starting before April 2, 2013, and continuing through and including on or about July 11, 2018, in the Eastern District of Virginia, and elsewhere within the jurisdiction of this Court, the defendant, CHESTER A. MOODY, JR, did knowingly, intentionally, and unlawfully

combine, conspire, confederate, and agree with others, both known and unknown, to commit the following offenses:

## Objects of the Conspiracy

5. To sponsor and exhibit dogs in animal fighting ventures, contrary to Title 7, United States Code, Section 2156(a)(1), and Title 18, United States Code, Section 49; and

6. To sell, buy, possess, train, transport, deliver, and receive dogs for the purposes of having the dogs participate in animal fighting ventures, contrary to Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

## Manner and Means of the Conspiracy

7. It was part of the conspiracy that the defendant and his coconspirators would maintain property and equipment for the purpose of housing and training pit bull-type dogs for use in dog fights.

8. It was further a part of the conspiracy that the defendant and his coconspirators would train pit bull-type dogs for use in dog fights.

9. It was further a part of the conspiracy that the defendant and his coconspirators arranged to fight pit bull-type dogs in dog fights.

10. It was further a part of the conspiracy that the defendant and his coconspirators would transport pit bull-type dogs for use in dog fights.

11. It was further a part of the conspiracy for the defendant and his coconspirators to participate in and attend dog fights.

12. It was further a part of the conspiracy that the defendant and his coconspirators would fight pit bull-type dogs in dog fights, including "rolls" or "play," which were fights staged between dogs for the purpose of determining the dogs' propensity for fighting.

13. It was further a part of the conspiracy that the defendant and his coconspirators and others communicated with one another by telephone, text message, and other electronic means, about: the transport, delivery, transfer, exchange, purchase, sale, breeding, training, and receipt of particular fighting dogs; arrangements for dog fights; and the aptitude, abilities, and fighting histories of particular fighting dogs.

**Overt Acts**

14. In furtherance of the conspiracy and to effect the unlawful objects, the following overt acts, among others, were committed in the Eastern District of Virginia and elsewhere: within the jurisdiction of the Court

Overt Act 1: On one or more dates between on or about April 2, 2013, and on or about July 13, 2013, the defendant, CHESTER A. MOODY, JR., established coconspirator OA's dog fighting kennel name, and they arranged multiple dog fights.

Overt Act 2: Starting before and continuing through and including June 9, 2013, and on or about June 1, 2016, coconspirator OA housed, in and around his residence, in the District of Columbia, at least one pit bull-type dog for use in dog fights, and possessed dog fighting equipment.

Overt Act 3: From on or about November 2013, to on or about October 2015, the defendant, CHESTER A. MOODY, JR., maintained frequent contact with coconspirator OA and coconspirator EP via telephone, Facebook messenger, and text messages, including contacting each of them on the same day and/or week, and sending dog "pedigrees" from the underground dog fighting website known as "Peds Online."

Overt Act 4: Between on or about October 31, 2015, and on or about January 9, 2016, the defendant, CHESTER A. MOODY, JR., and coconspirator OA arranged multiple dog fights.

Overt Act 5: On or about November 3, 2015, coconspirator OA offered to sell a female dog that had been used in his dog fighting venture, to coconspirator EP.

Overt Act 6: Beginning on or about January 22, 2016, coconspirator OA assisted the defendant, CHESTER A. MOODY, JR., by "hooking" up the defendant, CHESTER A. MOODY, JR.'s dog with another person's dog for a dog fight to occur approximately seven weeks later.

Overt Act 7: On or about January 30, 2016, the defendant, CHESTER A. MOODY, JR. and coconspirator EP texted coconspirator OA agreeing to the terms of a dog fight between them that had been arranged by coconspirator OA, to take place on April 3, 2016.

Overt Act 8: On or about January 31, 2016, coconspirator OA texted coconspirator EP the phone number for the defendant, CHESTER A. MOODY, JR., for the April 3, 2016, dog fight.

Overt Act 9: From on or about February 9, 2016, to on or about February 21, 2016, coconspirator OA and the defendant, CHESTER A. MOODY, JR., made arrangements to set up a "play" fight involving 40-pound male dogs.

Overt Act 10: From on or about February 17, 2016, to on or about April 1, 2016, coconspirator OA sent out texts to various individuals that included videos and photos of his dog being trained for the April 2016 dog fight.

Overt Act 11: On or about February 25, 2016, coconspirator CH texted coconspirator OA the cell phone number for his opponent, coconspirator MA, for the April 3, 2016 dog fight.

Overt Act 12: On or about March 13, 2016, coconspirator OA texted coconspirator EP, "Can we play today," referring to a chain weight training dog fight.

Overt Act 13: On or about March 13, 2016, the defendant, CHESTER A. MOODY, JR., texted coconspirator OA, "You got a male 43 44, right quick," attempting to set up a chain-weight training dog fight.

Overt Act 14: On or about March 28, 2016, coconspirator OA texted coconspirator CH, "Make sure no open invitation … No walk-ins please," referring to the upcoming April 3, 2016, dog fight.

Overt Act 15: On or about March 29, 2016, coconspirator CH confirmed that the two-card dog fights on April 3, 2016, would proceed as scheduled by texting coconspirator OA, "Everything still square right ... For both." Coconspirator OA replied, "Yes sir."

Overt Act 16: On or about April 3, 2016, coconspirator OA, coconspirator CH, coconspirator EP, and others met at the Walmart parking lot in King George, Virginia, for a dog fight.

Overt Act 17: On or about April 3, 2016, coconspirator OA, coconspirator CH, coconspirator EP, and others followed a vehicle from the Walmart parking lot in King George, Virginia, to a dog fight location in King George, Virginia – the house of a relative of coconspirator CH.

Overt Act 18: On or about April 3, 2016, coconspirator OA and coconspirator MA fought their dogs in a fight in King George, Virginia, also attended by the defendant, CHESTER A. MOODY, JR., coconspirator CH, and coconspirator EP.

Overt Act 19: On or about April 3, 2016, coconspirator EP and the defendant, CHESTER A. MOODY, JR., fought their dogs against each other in a dog fight in King George, Virginia, as arranged by coconspirator OA, and attended by coconspirator CH and coconspirator MA.

Overt Act 20: On or about April 30, 2016, to on or about May 4, 2016, at the request of the defendant, CHESTER A. MOODY, JR., coconspirator OA unsuccessfully attempted to see if another fighter would "hook" with the defendant, CHESTER A. MOODY, JR.'s "37 38 male" for a fight.

Overt Act 21: On or about May 27, 2016, coconspirator OA texted the defendant, CHESTER A. MOODY, JR., "Are we playing with the girls today," and the defendant, CHESTER A. MOODY, JR., responded, "U ready now?" Coconspirator OA then called the defendant, CHESTER A. MOODY, JR.'s cell phone.

Overt Act 22: From in or about May 2017, to in or about July 2017, coconspirator CH trained "Katie aka Asesina" in a "keep," which is the training regimen, usually lasting several weeks, that a fighting dog undergoes leading up to a dog fight.

Overt Act 23: Between in or about October 2017, and in or about March 2018, the defendant, CHESTER A. MOODY, JR., arranged dog fights involving "Katie aka Asesina" with other suspected fighters.

Overt Act 24:   In or around April 2018 to May 2018, the defendant, CHESTER A. MOODY, JR., arranged for "Katie aka Asesina" to be transported and bred with a fighting dog in North Carolina.

Overt Act 25:   On or about April 11, 2018, coconspirator CH received from "Duck," the fighting dog pedigree or "bloodline" information from the dog fighting website "Peds Online" of the dog "Katie aka Asesina" and responded, "Her name is killer Katie." Coconspirator CH then responded by attaching several photos of "Katie aka Asesina" and stated, "I think she looked better wit [sic] me," referring to his prior "keep" of her.

Overt Act 26:   On or about April 16, 2018, the defendant, CHESTER A. MOODY, JR., transmitted blood test results for "Katie aka Asesina" to coconspirator CH indicating that Katie was sick, and the defendant, CHESTER A. MOODY, JR., called off a scheduled dog fight involving "Katie."

Overt Act 27:   On or about April 22, 2018, coconspirator CH arranged the transportation of the dog "Katie aka Asesina" from King George, Virginia, to the defendant, CHESTER A. MOODY, JR., in Maryland.

Overt Act 28:   On or about June 1, 2018, coconspirator CH texted the defendant, CHESTER A. MOODY, JR., asking, "how is katie" and the defendant, CHESTER A. MOODY, JR., responded, "She good. I bred her to a Eli dog … Cardenas."

Overt Act 29:   On or about July 10, 2018, the defendant, CHESTER A. MOODY, JR., discussed scheduling a dog fight with coconspirator CH for September 2018, with an opening wager of "4K plus," for "Katie aka Asesina" after confirming "No pups" and

7

that she would be "back open@ 29" referring to the weight at which the defendant, CHESTER A. MOODY, JR., would agree to fight her.

Overt Act 30: Beginning before and continuing through and including July 11, 2018, the defendant, CHESTER A. MOODY, JR., housed, outdoors at his residence in Maryland, at least one pit bull-type dog for use in dog fights, and possessed dog fighting equipment.

Overt Act 31: Beginning before and continuing through and including July 11, 2018, coconspirator CH housed, outdoors at his residence in King George, Virginia, at least eleven pit bull-type dogs for use in dog fights, and possessed dog fighting equipment.

Overt Act 32: Beginning before and continuing through and including July 11, 2018, coconspirator EP housed, indoors at his residence in Maryland, at least ten pit bull-type dogs for use in dog fights, and possessed dog fighting equipment.

(In violation of Title 7, United States Code, Section 2156(a)(1); Title 18, United States Code, Sections 49 and 371.)

**FORFEITURE ALLEGATION**

15. The allegations contained in Count One of this Information are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 7, United States Code, Section 2156(e); and Title 28, United States Code, Section 2461(c).

16. As a result of committing the offenses alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to Title 7, United States Code, Section 2156(e) and Title 28, United States Code, Section 2461(c), any and all animals involved in the commission of such offenses, and all items of property facilitating the offense and property used in or involved in the offense, including but not limited to:

- One female pit-bull type dog seized on July 11, 2018, from 10708 Duvall Street, Glenn Dale, Maryland;

- Electronics used to facilitate and during the dog-fighting enterprise, comprised of an IPhone X, a Samsung Galaxy S9, and a Dell Inspiron One Desktop, seized in July 2018; and

- All property and/or records used and/or intended to be used in connection with unlawful animal fighting seized on July 11, 2018, from 10708 Duvall Street, Glenn Dale, Maryland, including, but not limited to the property listed below:
    1. Two flirt poles;
    2. One Wooden slat mill with ropes and chains;
    3. One converted treadmill with plywood stand;
    4. Hanging wire cord for training;
    5. Spring coil with hooks and red rope;
    6. Six plastic dog crates;
    7. One beige igloo dog house;
    8. One metal dog crate;
    9. Two bite sticks;
    10. Several thick dog collars;
    11. Several dog leashes;
    12. Medical first aid pet supplies, including:
        a. Fura-zone – jar (Anti-bacterial wound dressing);
        b. Pine Tar – jar (Antiseptic);
        c. Cut Heal – bottle (Wound care);
        d. SWAT – jar (ointment for wounds and sores);
        e. Small yellow envelope of assorted pills (antibiotics, etc.); and
        f. Worm eradicator – small bag.

RAJ PAREKH
Acting United States Attorney

By: *(Digitally signed by Olivia L. Norman Date: 2021.04.02 10:56:25 -04'00')*

Olivia L. Norman
Assistant United States Attorney
Shennie Patel
Trial Attorney
Environmental Crimes Section
Environment and Natural Resources Division